Tucker, P.
The judgement of the circuit court in this case, was doubtless founded upon the well established distinctions between the principles of law and equity, in reía *257 tion to contracts between husband and wife, and to the at- ,. „ , , ri-r taclnng of the marital rights upon the property oí the wife. Had a trustee been appointed by the marriage contract in this case, and the property been conveyed to him, a court of law, looking only to the legal title, would have pronounced that Faulkner's executors could not recover the property, thus conveyed by the wife before marriage with the husband’s assent. And a court of equity would have sustained the rights of the wife, because that court recognizes the validity of these antenuptial contracts. But, as no trustee is interposed, the legal title was left in the wife ; and, in the eye of the law the marital rights attached immediately upon the marriage. In equity, indeed, the interposition of a trustee, is no longer considered necessary for the wife’s protection from the operation of the marital rights; and hence it is very possible that the appellant’s title may prove best before another forum. These distinctions, however technical, must be preserved in order to prevent uncertainty and confusion. They have always been rigidly maintained; nor do I find a single case in which, at law, a marriage settlement has availed to secure the property of the wife, without the intervention of a trustee. Nor can the contract, however worded, operate a release at law, though it would be a good release in equity; for it is a first principle as to releases, that they cannot operate upon a right not yet acquired; they always suppose a right in being. 10 Co. 48. a. The judgement of the circuit court must be affirmed.